ANTAEUS ENTERPRISES, INC., Eugene Brody, James H. Rand, and William G. Cooling, Plaintiffs–Counter–Defendants–Appellants,

v.

SD–BARN REAL ESTATE, L.L.C., and L. John Davidson, Defendants–Counterclaimant–Appellees,

National Pasteurized Eggs, L.L.C., Nominal–Defendant–Appellee.

No. 07–2675–cv.

United States Court of Appeals, Second Circuit.

Oct. 15, 2008.

David Himelfarb, McCarter & English, LLP, Boston, MA, for Appellants.

Steven M. Latici, Gilmanton, NH, for Appellees.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

### CORRECTED SUMMARY ORDER

Plaintiffs Antaeus Enterprises, Eugene Brody, James H. Rand, and William G. Cooling ("plaintiffs"), appeal a final judgment entered on May 22, 2007, by the District Court. Having previously entered a default judgment against defendant SD–Barn Real Estate, L.L.C. ("SD–Barn"), and having granted the plaintiffs' motion for summary judgment against defendant L. John Davidson ("Davidson"), the District Court concluded that all claims were disposed of, and ordered the case closed. The plaintiffs argue on appeal that Count V of their complaint, which was a claim for piercing the corporate veil and alter ego liability, was not adjudicated, and as a result, the District Court committed error. Plaintiffs now seek an order finding that their piercing-the-corporate-veil and alter-

ego claims were not decided, and remanding the case to the District Court. We assume the parties' familiarity with the facts and procedural history of the case, though revisit key portions of that history here.

The plaintiffs are creditors of SD–Barn—a corporation of which Davidson is sole owner—and initially brought suit against SD–Barn and Davidson on July 13, 2005 for the corporation's failure to make payments due under promissory notes. The original complaint included the following four counts: (1) declaratory relief, to the effect that SD–Barn was in default of the promissory notes and that the plaintiffs were entitled to payment under the notes; (2) conversion; (3) breach of contract; and (4) tortious interference with contract. Compl. ¶¶ 31–52. On August 2, 2006, the plaintiffs filed a motion for leave to file an amended complaint to include a fifth count, asserting that SD–Barn acted as the alter ego of Davidson and suggesting that the District Court pierce the corporate veil to find Davidson personally liable for the acts of SD–Barn. Amended Compl. ¶¶ 61–63. The same day, the plaintiffs also filed a motion for summary judgment. Davidson and SD–Barn filed a joint opposition to the plaintiffs' summary judgment motion on September 11, 2006. Three days later, the District Court granted the plaintiffs' motion to file an amended complaint, and on September 22, that complaint was filed.

In the midst of these proceedings, counsel for SD–Barn and Davidson filed a motion to withdraw. The request was allowed on September 12, 2006, and the case was stayed one month to permit SD–Barn and Davidson to retain new counsel. The District Court scheduled a pretrial conference for October 12, 2006, but SD–Barn had failed to retain new counsel and thus failed to appear. Additionally, Davidson, who had elected to proceed *pro se,* also failed to appear. On December 6, 2006, the plaintiffs filed a motion for default judgment as to SD–Barn and Davidson in the amount of $665,284.30, which included $21,592.49 in direct damages, $14,545.18 in prejudgment interest, and $629,148.61 in attorney's fees. On January 19, 2007, Davidson moved to vacate the default judgment entered against him. On January 31, 2007, the District Court entered an order that granted default judgment "to the extent that plaintiffs' shall have judgment against defendant SD in the amount of $665,284.30 ... and otherwise denied without prejudice to renewal insofar as judgment is sought against Davidson in the event that Davidson's motion to vacate the Clerk's certificate of default as to him is denied." The District Court granted Davidson's motion to vacate default on February 22, 2007, noting that its order did not "affect the default judgment previously entered against SD–Barn," and entered a default judgment in favor of the plaintiffs against SD–Barn on April 11, 2007.

On March 30, 2007, 2007 WL 944662, the District Court granted the plaintiffs' motion for summary judgment against Davidson in a memorandum opinion. Specifically, after engaging in a choice of law analysis, the District Court concluded that New Hampshire law applied in the case, and that Davidson was personally liable for causing SD–Barn to breach the agreement within the promissory notes, "regardless of whether this is an appropriate case for disregarding the corporate form." However, the District Court determined that because Davidson's conduct was not "frivolous," it was not an appropriate case in which to award attorney's fees. Accordingly, the District Court awarded the plaintiffs their *pro rata* share of

$43,184.98.[1] The plaintiffs then submitted a revised proposed judgment order, specifically stating that Counts II, III, and V are dismissed without prejudice. The District Court struck this language from the judgment entered on May 23, 2007 in favor of the plaintiffs, noting that "[a]s this disposes of all claims, the Clerk shall close the case."

On appeal, the plaintiffs argue that the District Court erred in closing the case because the piercing-the-corporate-veil and alter-ego claim (Count V of the complaint) was never adjudicated. The plaintiffs argue that the adjudication of this claim is vital, because they are the plaintiffs' "only opportunity to collect on their Default Judgment obtained against SD–Barn." We conclude that the judgment should be affirmed to the extent that it awarded the plaintiffs their *pro rata* share of $43,184.98, but should be remanded for reconsideration with respect to the plaintiffs' attempt to hold Davidson personally liable for the amount of the default judgment obtained against SD–Barn.

The District Court appears to have viewed Count V as merely an alternative theory by which the plaintiffs sought to recover their damages for tortious interference with contract, damages that the Court had already awarded. That view of Count V is understandable since the complaint alleged in paragraph 62(a) that "Davidson induced SD–Barn to breach its obligations to the plaintiffs under the Promissory Notes," an allegation that appears to restate the tortious interference claim. However, in a paragraph labeled "63(b)" the complaint also alleged that "Davidson exploited SD–Barn's corporate identify as an alter ego for the purpose of achieving his own personal aims—the de-

positing of the entire July 29, 2004 NPE payment into an account held by him or one of his other companies. . . ." This allegation can be read to state a veil-piercing claim against Davidson for all sums SD–Barn owed to the plaintiffs.

We believe that, on remand, the District Court should reconsider whether the plaintiffs have pleaded a veil-piercing claim against Davidson, and, if not, whether they should be permitted to amend in order to state such a claim explicitly. If a veil-piercing claim is properly pleaded, either in the existing complaint or a permitted amended complaint, the District Court should adjudicate it. Otherwise, the plaintiffs face the risk that any attempt to sue Davidson in New Hampshire on a veil-piercing theory (or to enforce the default judgment against Davidson) will be met with a defense of *res judicata* on the ground that the veil-piercing claim was included in the Southern District litigation or could have been. In addition, if the District Court, on remand, entertains and adjudicates a veil-piercing claim against Davidson for amounts owed by SD–Barn, the Court should consider whether fairness to Davidson requires that the default judgment against SD–Barn should be reopened to permit Davidson to contest the amount for which he would be personally liable in the event that the veil-piercing claim is upheld.

We intimate no views on the merits of any of these issues, but conclude that fairness to all parties requires reconsideration of the issues we have identified.

### CONCLUSION

Accordingly, the judgment of the District Court is **AFFIRMED IN PART**

---

[1]. In its May 23, 2007 judgment, the District Court noted that the complete amounts are $6,758.08 each for Antaeus Enterprises, Inc., Eugene Brody, and James H. Rand, and $3,377.90 for William G. Cooling.

AND REMANDED IN PART FOR FUR-
THER PROCEEDINGS NOT INCON-
SISTENT WITH THIS ORDER.

